# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Harold B. Kaeding, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | Civil Action No._____ |
| United States of America, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## PLAINTIFF'S COMPLAINT

By this complaint Plaintiff brings an action seeking refund of his federal tax overpayment for the 2013 tax year pursuant to 26 U.S.C. §§ 6511 and 7422.

## PARTIES

1. Plaintiff, Harold B. Kaeding, is a 70-year-old male individual taxpayer and U.S. Citizen who resides at 7571 Atherton Way, Eden Prairie, MN 55346.

2. Defendant is an agency of the United States government with offices in the State of Minnesota, and is a proper party pursuant to 26 U.S.C. § 7422(f)(1).

## JURISDICTION & VENUE

3. This Complaint constitutes an action for refund of income taxes and interest erroneously and illegally assessed and collected for the 2013 tax year. Plaintiff's claim for refund was denied by Defendant on March 16, 2018. Plaintiff has no tax deficiency for the 2013 tax year. Jurisdiction is thus conferred upon the Court by 26 U.S.C. §§ 6532, 7422, and 28 U.S.C. § 1346(a)(1).

4. Venue is proper in the District of Minnesota based on 28 U.S.C. § 1391(e).

## STATEMENT OF FACTS

5. In 2016, Plaintiff prepared to file his 2015 tax returns. While assembling his documents for the 2015 return, Plaintiff could not find his 2014 tax returns.

6. Shortly thereafter, Plaintiff obtained his IRS Account Transcript and discovered that he had not filed either his 2013 or 2014 federal income tax returns.

7. Plaintiff proceeded to file his federal income tax returns in reverse chronological order—first filing his returns for 2015 on April 15, 2016; then filing his 2014 returns on April 22, 2016; before filing his 2013 returns late in 2017.

8. The IRS received Plaintiff's 2013 returns on December 26, 2017, 255 days after April 15, 2017, when Plaintiff's three-year statute of limitations for refunds would have normally expired. Plaintiff's 2013 federal income tax return showed an overpayment of $8,465.00.

9. On March 16, 2018, Defendant denied Plaintiff's refund claim as untimely per 26 U.S.C. § 6511. (Ex. A.) Plaintiff pursued his claim for refund via Defendant's internal appeals process.

10. In that internal appeal, Plaintiff argued that the statute of limitations for refund filing was tolled because he was "financially disabled" for more than 255 days during the refund filing period per 26 U.S.C. § 6511(h).

11. Plaintiff included the following evidence in his internal appeal to Defendant:

    a. A written statement attesting that no other person was authorized to act on his behalf (Ex. B);

    b. A letter from Plaintiff's primary physician, Dr. Jeffrey A. Sczublewski, attesting (i) that Plaintiff was physically and mentally impaired, (ii) that Plaintiff's

condition had lasted for more than twelve (12) months; and (iii) that, in physician's professional opinion, these impairments prevented Plaintiff from managing his financial affairs from at least 2010 to 2015 (Ex. C);

    c. A list of medications prescribed to Plaintiff from 2010 to 2015 which, according to Plaintiff's physician, contributed to his mental impairments (Ex. D);

    d. A notice from Plaintiff's gas company, dated February 19, 2015, threatening to turn off Plaintiff's heating for failing to timely pay his gas bill. (Ex. E.)

12. Defendant provisionally denied Plaintiff's refund appeal on October 2, 2018 (Ex. F), before issuing a final internal appeals denial on December 14, 2018. (Ex. G.) Defendant enumerated three specific reasons for denying Plaintiff's refund request:

    a. First, Defendant found that, because Plaintiff claimed dependents and filed as "Head of Household" for 2013 he could not be financially disabled. (*Id.*)

    b. Second, Defendant found that Plaintiff could not be financially disabled because he worked and earned wages in 2013 and thereafter. (*Id.*)

    c. Third, IRS Appeals found that Plaintiff could not be financially disabled because he filed his tax returns in reverse chronological order, with Plaintiff filing his 2014 and 2015 returns prior to April 15, 2017—the statutory expiration date for his 2013 refund claim. (*Id.*)

13. Defendant concluded that Plaintiff did not qualify for financial disability status for the three reasons described in paragraph 12. Defendant did not reject Plaintiff's appeal based on either his physician's letter, Rev. Proc. 99-21, or 26 U.S.C. § 6511(h).

14. Defendant's rationales for denying Plaintiff's financial disability claim are not supported by 26 U.S.C. § 6511(h), Rev. Proc. 99-21, or any other statute or regulation.

15. Following Defendant's denial of Plaintiff's refund claim, on or about December 1, 2019, Plaintiff received an amended statement from his physician, which included the certification statement described in Rev. Proc. 99-21. (Ex. H.)

16. Pursuant to 26 U.S.C. § 6511(h), Plaintiff's three year period for filing his 2013 refund claim was suspended during his period of financial disability. This period encompassed at least 255 days. Plaintiff's request that Defendant refund his 2013 taxes was timely filed.

## PRAYER FOR RELIEF

17. Plaintiff alleges and incorporates by reference herein paragraphs 1 through 16 above.

18. Plaintiff requests that this Court grant judgment in the amount of the 2013 taxes overpaid, plus interest and litigation costs as allowed by law, and such other relief as this Court may deem appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial in this action.

DATED:   March 12, 2020
         Minneapolis, MN

Respectfully submitted,

Harold B. Kaeding
7571 Atherton Way
Eden Prairie, MN 55346

By his attorney:

s/Caleb Smith_____
Caleb Smith
Bar No. MN 0397690
University of Minnesota, Tax Clinic
190 Walter F. Mondale Hall
229-19th Ave South
Minneapolis, MN 55455
Telephone: (612) 625-5515
Fax: (612) 624-5771
Email: smit2014@umn.edu